Valeria Barinova (State Bar No. 224422)
GOLDSMITH & HULL, P.C./5109118
16000 Ventura Boulevard, Suite 900
Encino, CA 91436-2760
Telephone:  (818) 990-6600
Facsimile:   (818) 990-6140

Attorneys for Plaintiff,
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SANG H. KANG aka SANG HYUN KANG, *et al.*,<br><br>Defendant. | Case No. **CV00-01059 CBM (SSx)**<br><br>**AMENDED NOTICE OF MOTION AND MOTION FOR ASSIGNMENT ORDER; MEMORANDUM OF POINT AND AUTHORITIES; DECLARATION OF VALERIA BARINOVA**<br><br>District Judge Consuelo B. Marshall<br><br>Date:  June 25, 2007<br>Time: 10:00 a.m.<br>Ctrm: 2 |

TO THE JUDGMENT DEBTOR AND TO ANY ATTORNEY OF RECORD FOR THE JUDGMENT DEBTOR:

NOTICE IS HEREBY GIVEN that on June 25, 2007, at 10:00 AM in Courtroom 2 located at 312 N. Spring Street, Los Angeles, California, UNITED STATES OF AMERICA, the judgment creditor, will move the Court for an order instructing the judgment debtor, SANG H. KANG aka SANG HYUN KANG, assign the judgment to the judgment creditor, to the extent necessary to fully pay

GOLDSMITH & HULL
A PROFESSIONAL CORPORATION
16000 VENTURA BOULEVARD
SUITE 900
ENCINO, CALIFORNIA 91436-2760
(818) 990-6600 FAX (818) 990-6140

1. and satisfy the judgment with all accrued interest and post judgment costs, the rights
2. to payment due or to become due to the judgment debtor SANG H. KANG aka
3. SANG HYUN KANG from:
4. AIG, Inc., aka American International Group, Inc., 70 Pine Street, New York,
5. New York 10270;
6. Chubb Insurance, aka The Chubb Corporation, Corporate Office at 15
7. Mountain View Road, P.O. Box 1615, Warren, New Jersey 07061-1615;
8. Farmers Insurance, aka Farmers Insurance Group, 4680 Wilshire Boulevard,
9. Los Angeles, California 90010;
10. Preferred Employers Insurance Company, 404 Camino Del Rio South #400
11. San Diego, California 92108;
12. State Compensation Insurance Fund; Home office 1275 Market Street, San
13. Francisco, CA 94103;
14. State Farm, aka State Farm Insurance, Corporate office at One State Farm
15. Plaza, Bloomington, IL 61791-0001;
16. St. Paul Fire, aka St. Paul Fire Insurance Co., headquarters at 385
17. Washington St., St. Paul, MN 55102;
18. Los Angeles Unified School District, main office at 333 S. Beaudry Street,
19. Los Angeles, CA 90017;
20. Liberty Mutual, Corporate Office at 175 Berkeley Street, Boston, MA 02116;
21. Risk Enterprise Management - headquarters at Suite 109, 2540 Route 130,
22. Cranbury, NJ 08512
23. 
24. and to account monthly to the judgment creditor for all funds the judgment debtor
25. receives in connection with the obligation that is the subject of this assignment. The
26. judgment creditor will also move the Court for an order restraining the judgment
27. debtor and any servant, agent, employee or attorney for the judgment debtor and
28. any persons in active concert and participating with the judgment debtor from

encumbering, assigning, disposing or spending any and all salaries, commissions, bonus', fees, or royalties to be paid to Judgment debtor, and all rights to payment thereunder.

This motion is made on the grounds that the judgment creditor has a judgment against the judgment debtor on July 18, 2000 in the amount of $20,091.72 plus interest as provided in 28 U.S.C. § 1961(a) and as compounded as provided in 28 U.S.C. § 1961(b). A copy of the judgment is attached hereto as Exhibit "A," and that the judgment debtor has an assignable right to the payments described herein.

This motion will be based on this notice, the attached declaration of Valeria Barinova, the memorandum of points and authorities set forth below, and the complete files and records of this action.

Dated: June 7, 2007                     GOLDSMITH & HULL P.C.

By: _____
Valeria Barinova

I.

## THE COURT MAY ORDER THE JUDGMENT DEBTOR TO ASSIGN A RIGHT TO PAYMENT TO THE JUDGMENT CREDITOR

Code of Civil Procedure Section 708.510 authorizes a Court to issue an order directing the judgment debtor to assign to a judgment creditor all or part of a right to payment due or to become due, including wages due from the federal government that are not subject to withholding under an earning withholding order, rents, commissions, royalties, payments due from a patent or copyright, insurance policy loan value, accounts receivable, general intangibles, judgments and instruments. Although the Court may take into consideration all relevant factors the sole constraints placed on the Court are that the right to payment be assigned only to the extent necessary to satisfy the creditor's money judgment and that, where part of the payments are exempt, the amount of the payments assigned should not exceed the difference between the gross amount of the payments and the exempt amount. [Code of Civil Procedure Section 708.510, (d),(e) and (f)].

II.

## THE RIGHT TO PAYMENT MAY BE ASSIGNED UP TO THE FULL AMOUNT DUE ON THE JUDGMENT

As shown in the accompanying declaration, the current balance due on the judgment is $31,017.62. This balance, of course accrues interest at the rate of 6.4% per annum. 28 U.S.C. § 1961(a) and (b). Therefore, the Court may order assignment of the right to payment in an amount necessary to pay off the judgment in full, including accrued interest.

III.

## AN ASSIGNMENT ORDER MAY BE ISSUED BECAUSE THE JUDGMENT MAY BE ENFORCED

Since the judgment was entered, and since no order exists staying enforcement

of the judgment, this Court is authorized to issue an assignment order for the judgment creditor.

## IV.

## THE COURT CAN RESTRAIN THE JUDGMENT DEBTOR

Code of Civil Procedure Section 708.520 authorizes the Court to restrain the judgment debtor from assigning or otherwise disposing of the right to payment sought to be assigned upon a showing of need. Such a showing of need is set forth in the declaration that accompanies this memorandum. Consequently, the debtor must be restrained so that the right to payment sought to be assigned will be available to be applied to the judgment creditor's judgment.

Dated: June 7, 2007

GOLDSMITH & HULL P.C.

By: _____
Valeria Barinova
Attorneys for Plaintiff/Judgment Creditor
UNITED STATES OF AMERICA

GOLDSMITH & HULL
A PROFESSIONAL CORPORATION
16000 VENTURA BOULEVARD
SUITE 900
ENCINO, CALIFORNIA 91436-2760
(818) 990-6600 FAX (818) 990-6140

## DECLARATION OF VALERIA BARINOVA

I, Valeria Barinova, declare:

1. I am an associate attorney with the law offices of Goldsmith & Hull, A Professional Corporation, attorneys for the Plaintiff/judgment Creditor, United States of America.

2. I have personal knowledge of all facts stated in this declaration and if called as a witness, could and would testify competently to them under oath.

3. On May 31, 2000, a judgment was entered in this case in favor of Plaintiff UNITED STATES OF AMERICA, and against defendant, Sang Huan Kang for the sum of $20,091.72. A true and correct copy of the judgment is attached hereto as Exhibit "A" and incorporated herein. The time for appeal has expired and the judgment has become final. The judgment has not been stayed by stipulation or any order of this court and is in full force and effect.

4. The judgment remains wholly unsatisfied and unpaid in the amount of $31,017.62, which includes accrued interest from the date of the judgment's entry until the date of execution of this declaration.

5. Judgment debtor is an attorney. On January 31, 2006 the United States District Court, Central District of California ordered (A True and Correct Copy of the Order Attached hereto as an Exhibit "B") Defendant Sang Huan Kang to produce to Plaintiff/Judgement Debtor a complete list of all his pending cases.

6. In compliance with the January 31, 2006 Order, on February 2, 2006 Sang Huan Kang produced a list of his pending cases (A True and Correct Copy of the List is attached hereto as an Exhibit "C").

7. I am informed and believe, and on that basis declare, that rights to payment are now due or will become due to the judgment debtor from the following entities per the Sang Huan Kang list of all his pending cases in connection with :

A. AIG, Inc., aka American International Group, Inc., 70 Pine Street, New York, New York 10270 in connection with the case of Hong

6

GOLDSMITH & HULL
A PROFESSIONAL CORPORATION
16000 VENTURA BOULEVARD
SUITE 900
ENCINO, CALIFORNIA 91436-2760
(818) 990-6600 FAX (818) 990-6140

B. v. Ass. Market, WCAB Case No. VNO 0483298; Chubb Insurance, aka The Chubb Corporation, Corporate Office at 15 Mountain View Road, P.O. Box 1615, Warren, New Jersey 07061-1615 in connection with the case of Miyazumo v. DFS No. America, WCAB Case No. ANA 0369648;

C. Farmers Insurance, aka Farmers Insurance Group, 4680 Wilshire Boulevard, Los Angeles, California 90010 in connection with the case of Yoon v. Chamsutgol BBQ, WCAB Case No. LAO 0858446;

D. Preferred Employers Insurance Company, 404 Camino Del Rio South #400 San Diego, California 92108 in connection with the cases of Jan v. Ginza Sushi, WCAB Case No. LAO 0859806, Lopez v. Ajax Linen, WCAB Case No. LAO 0858022, et al.; Cho v. Sharlom Apparel, WCAB Case No. LAO 0850619, et al.

E. State Compensation Insurance Fund ("SCIF") in connection with the cases of Brena v. Coral Reef Aquarium, WCAB Case No. LAO 0858922; Patino v. Terra Pave, WCAB Case No. LBO 0338530, et al.; Lee v. California Market, WCAB Case No. VNO 0495106; Kim v. Ass. Market, WCAB Case No. LAO 0850820, et al., Cho v. Sharlom Apparel, WCAB Case No. LAO 0850619, et al., Kim v. Fontana Recycling Center, WCAB Case No. LBO 0358804; Jung v. Kaff's Liquor, WCAB Case No. LAO 0799152; Hyon v. SCIF, Shim's Bargain Center, WCAB Case No. LAO 0832146; Morales v. SCIF, Independent Pallet Salvage, LAO 0826596; Castillo v. SCIF, Oak Tree Inn, WCAB Case No. LAO 082614; Cho v. SCIF, Health Science, WCAB Case No. LAO 0811544; Lee v. SCIF; Yang v. SCIF, Radio Korea, WCAB Case No. LAO 0814864; Kim v. SCIF, FYZ Investment, WCAB Case

7

No. LAO 0803538, <u>Han v. SCIF</u>, WCAB Case No. LAO 0806220; <u>Chung v. SCIF, SEO</u>; <u>Yu v. SCIF, SK Construction</u>, WCAB Case No. LAO 0800679; <u>Choi v. SCIF, Chong's Mobile</u>, WCAB Case No. LAO 0778385, et al.; <u>Kim v. SCIF, White Tiger Security Co.</u>, WCAB Case No. LAO 0782217.

F. State Farm, aka State Farm Insurance, Corporate office at One State Farm Plaza, Bloomington, IL 61791-0001 in connection with the case of <u>Pang v. Hussain</u>, WCAB Case No. LAO 0799152;;

G. St. Paul Fire, aka St. Paul Fire Insurance Co., headquarters at 385 Washington St., Mail Code 517A, St. Paul, MN 55102-1396, re: the case of <u>Shin v. St. John</u>, WCAB Case No. LAO 0832146;

H. Los Angeles Unified School District headquarters at 333 S. Beaudry Ave., Los Angeles, CA 90051, in connection with the case of <u>Lee v. LAUSD</u>, WCAB Case No. LAO 0804150;

I. Liberty Mutual, Corporate Office at 175 Berkeley Street, Boston, MA 02116; in connection with the case of <u>Sietsema v. Auto Club</u>, WCAB Case No. LAO 0863475; <u>Lee v. LAUSC</u>, WAB Case No. LAO 0804150;

J. Risk Enterprise Management - headquarters at Suite 109, 2540 Route 130, Cranbury, NJ 08512, in connection with the case of <u>Lee v. Omni Hotel</u>, WCAB Case No. LBO 0251452, et al.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 7, 2007 at Encino, California.

_____
Valeria Barinova, Declarant

8

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 16000 Ventura Boulevard, Suite 900, Encino, CA 91436.

On the date set forth below I served the foregoing document described as AMENDED NOTICE OF MOTION AND MOTION FOR ASSIGNMENT ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF VALERIA BARINOVA on the interested parties in this action, by placing a [ ] duplicate original(s)
[X] true copy(ies) thereof enclosed in a sealed envelope addressed [ ] as stated on the attached list [X] as follows:

**(SEE ATTACHED LIST)**

[X] BY MAIL. [ ] I deposited such envelope, postage thereon fully prepaid, in the United States mail at Encino, California.

[X] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Encino, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

[ ] BY PERSONAL SERVICE. I delivered such envelope(s) by hand to the office(s) of the addressee(s).

[ ] STATE. I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct

[X] FEDERAL. I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

Executed on ___June 12, 2007___ at Encino, California

_____
Sonia Molina

| | | |
|---|---|---|
| 1 | Sang H. Kang, et al<br>854 Cavanagh Rd.<br>Glendale, CA 91207 | State Compensation Insurance Fund<br>1275 Market street<br>San Francisco, CA 94103 |
| 4 | AIG, Inc.<br>70 Pine Street<br>New York, NY 10270 | State Farm Insurance<br>One State Farm Plaza<br>Bloomington, IL 61791-0001 |
| 8 | Chubb Insurance<br>15 Mountain View Road<br>P.O. Box 1615<br>Warren, NJ 07061-1615 | Saint Paul Fire Insurance, Co.<br>385 Washington Street<br>Saint Paul, MN 55102 |
| 12 | Farmers Insurance Group<br>4680 Wilshire Blvd.<br>Los Angeles, CA 90010 | Los Angeles Unified School District<br>333 South Beaudry St.<br>Los Angeles, CA 90017 |
| 15 | Preferred Employers Insurance Company<br>404 Camino Del Rio South #400<br>San Diego, CA 92108 | |
| 19 | Liberty Mutual<br>175 Berkeley Street<br>Boston, MA 02116 | |
| 22 | Risk Enterprise Management<br>2540 Route 130<br>Suite 109<br>Cranbury, NJ 08512 | |